DIETZ, Judge, concurring.
I concur in the majority opinion. I write separately to address the majority's language ordering a certified copy of this opinion to be delivered to the ethical bodies that oversee lawyers and judges. Last year, this Court entered a writ of prohibition barring the trial court from issuing any further writs of habeas corpus on this issue. Based on timeframes discussed at oral argument, and the fact that at least one trial judge entered an order addressing the merits of a similar habeas petition while the writ of prohibition was in effect (although that judge properly held the order in abeyance pending the outcome of this appeal), this Court is concerned that our writ of prohibition may not have been followed with respect to other undocumented immigrants involved in other habeas cases not before the Court. The majority thus orders a copy of the opinion to be sent to the State Bar's Disciplinary Hearing Commission and the Judicial Standards Commission so that these governing bodies are aware of it, should there be any allegations that this Court's writ of prohibition was ignored. But I recognize that this language in the majority opinion can be misinterpreted as a suggestion that lawyers or judges involved in the *146 proceedings described in this opinion committed misconduct. To be clear, they did not.